United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROOSEVELT PRIESTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDEGREEADVISOR, LLC,<br><br>Defendant. | Case No. 5:15-cv-04218-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

Plaintiff Roosevelt Priester ("Plaintiff") alleges in this putative class action that Defendant eDegreeAdvisor, LLC ("Defendant") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., by making marketing calls to his cellular telephone. Presently before the court is Defendant's motion to dismiss the First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 14. Plaintiff opposes the motion.

Federal jurisdiction arises under 28 U.S.C. § 1332. Having carefully reviewed the parties' pleadings, the court has determined that Defendant's dismissal argument is meritorious. Accordingly, its motion will be granted for the reasons explained below.

### I.   BACKGROUND

Plaintiff alleges Defendant "provides online and campus-based colleges and universities with highly engaged leads of consumers of have express an interest to enroll." FAC, Dkt. No. 1, at ¶ 5. Beginning in around August, 2015, Plaintiffs alleges Defendant contacted him on his cellular telephone in an attempt to solicit Defendant's services. Id. at ¶ 6. According to Plaintiff, these calls were made using an "automatic telephone dialing system," were (perhaps obviously) not for emergency purposes, were made to a telephone number for which Plaintiff incurs a charge

Case No.: 5:15-cv-04218-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1

for incoming calls, and were made without "prior express consent." Id. at ¶¶ 7-11.

On the issue of consent, Plaintiff alleges that during one Defendant's calls, Plaintiff spoke to a representative and asked to be placed on a "do not call" list. Id. at ¶ 11. He also said he was "revoking his consent to be further contacted on his phone." Id. Despite this statement, Defendant still called Plaintiff "numerously." Id.

Plaintiff asserts two causes of action under the TCPA, once for negligent violations and one for knowing and/or willful violates. These motions followed the filing of the FAC.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court usually does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or

Case No.: 5:15-cv-04218-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
2

relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

**III. DISCUSSION**

Defendant argues the Complaint fails to state a violation of the TCPA because it does not plausibly establish Defendant made calls to Plaintiff using an "automated telephone dialing system," or "ATDS." The court agrees.

**A. Governing Authority**

"[T]he TCPA generally prohibits making nonemergency, unsolicited calls advertising 'property, goods, or services' using automatic dialing systems and prerecorded messages to telephones and cellular phones." Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1041 (9th Cir. 2017). It provides in relevant part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States -
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -
>
> ...
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call....

47 U.S.C. § 227(b)(1)(A)(iii).

Thus, "[t]he three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). As used in the TCPA, an ATDS is "equipment that has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

**B. Application to FAC**

Defendant's purported use of an ATDS when calling Plaintiff is only addressed once in the FAC. Plaintiff alleges: "Defendant used an 'automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services." FAC, at ¶ 7. That statement is a classic conclusory allegation. Nonetheless, Plaintiff argues the court can infer that Defendant utilized an ATDS from other allegations in the FAC. To that end, Plaintiff notes the allegation that Defendant "persistently" continued to call after Plaintiff told Defendant to stop and revoked any consent provides "sufficient indirect or contextual facts to support Plaintiff's allegation that called were placed using an ATDS." The court is not persuaded.

At the outset, the court rejects any contention that a TCPA plaintiff's pleading obligation is satisfied by generically alleging the use of an ATDS by a defendant, in a manner that simply parrots the statutory language. Finding otherwise would eviscerate the plausibility standard to which complaint's allegations must adhere under Rule 8. See Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014) (reciting that "to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and that "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"). The FAC's allegation concerning an ATDS is very close to warranting the label of generically unacceptable, but it falls barely outside that classification given the presence of a few additional factual allegations.

In his opposition to the motion to dismiss, Plaintiff represents that pleading a TCPA defendant's use of an ATDS can be a difficult task. The court appreciates this difficulty since that sort of information, peculiar to the defendant as a general matter, is not necessarily available when an action is filed and may only be confirmed through discovery. There is therefore some notable tension between the need for plausible allegations and the factual reality underlying a TCPA

Case No.: 5:15-cv-04218-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
4

claim, and some leeway is warranted. In light of this challenge, courts have recognized that "[p]laintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer was utilized." Gragg v. Orange Cab Co., Inc., No. C12-0576RSL, 2013 WL 195466, at *3 n.3 (W.D. Wash. Jan 17, 2013). "The issue is whether the allegations of the complaint, taken as a whole and including the nature of the communication, give rise to a plausible belief that the message was sent using an ATDS." Id.

Leeway aside, the problem for Plaintiff is that his sparse factual allegations are insufficient to plausibly suggest, even indirectly, that Defendant used an ATDS when it called him. The simple facts that calls were numerous,[1] or that Plaintiff received calls after revoking consent, do not separately or jointly make it any more likely that Defendant used an ATDS; indeed, it is just as plausible to infer those calls were placed manually. And there are no other allegations relevant to this issue in the FAC. For example, Plaintiff does not allege anything about the specific content of the calls he received or explain how that content demonstrates the use of an ATDS. Plaintiff does reference information from a certain website in his opposition, but those allegations are nowhere in the FAC, and the court cannot consider them in support of the FAC's plausibility. See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n. 1 (9th Cir.1998) ("The 'new' allegations contained in the . . . opposition motion . . . are irrelevant for Rule 12(b)(6) purposes.").

In sum, the court finds the FAC fails to plausibly allege Defendant's use of an ATDS. Because the causes of action fails on an essential element of a claim under the TCPA, the FAC must therefore be dismissed.[2]

---

[1] Since people may have very different opinions on the definition of "numerous," Plaintiff may need to provide more specificity on the number of calls he received to indirectly infer the use of an ATDS.

[2] Defendant also raises the issue of consent in a footnote. But since Defendant demoted its statement to the bottom of a page and provided no argument of substance on the topic, the court does not address consent as a possible basis for dismissal.

Case No.: 5:15-cv-04218-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

5

## IV. ORDER

Based on the foregoing, the Motion to Dismiss (Dkt. No. 14) is GRANTED. The causes of action asserted in the FAC are each DISMISSED WITH LEAVE TO AMEND. Any amended complaint must be filed on or before **October 9, 2017.**

**IT IS SO ORDERED.**

Dated: September 25, 2017

EDWARD J. DAVILA
United States District Judge